Filed 8/9/21  P. v. Brownlee CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TERRENCE BROWNLEE,<br><br>Defendant and Appellant. | F080760<br><br>(Fresno Super. Ct. No. CF80257140)<br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup> Before Franson, Acting P.J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Terrence Brownlee[1] pleaded guilty to second degree murder in 1980 and was sentenced to 15 years to life in state prison. In this case, he filed an appeal from the superior court's denial of his motion to vacate his conviction, based on the alleged application of Penal Code[2] section 1016.8 to his case.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant has filed a letter brief. We affirm.

## FACTS[3]

On the evening of April 7, 1980, appellant was driving around Fresno with Timothy Taylor, Richard Byrd, and Darrell Green, and they decided to commit a robbery to get some money. Green had a .22-caliber sawed-off rifle, and Byrd had a .357-caliber Magnum handgun.

Taylor had trouble with his car and parked on North Parkway Drive. Taylor suggested they rob the nearby Motel Fresno, and they walked there. However, there were too many people near the motel's office, so they walked next door to the Fremor Motel.

Taylor looked through a motel room window and saw a woman and two men inside. Taylor told his accomplices and armed himself with Byrd's handgun. Either appellant or Taylor knocked on the motel room's door. Shirley Brown opened the door, and appellant and his accomplices forced their way into the room. Taylor and Byrd tied

---

[1] In the record, defendant's first name has various spellings. However, in documents filed in pro. per., defendant spells his name "Terrence." Accordingly, we will do the same.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

[3] The following facts are from the preliminary hearing transcript, as summarized in the probation report.

up the two men, Linus Fields and Garold Parker, and one man held a gun to Parker's head while another man hit Parker on the head with a bottle.

Appellant obtained the handgun from Taylor and demanded money from Ms. Brown. She said she did not have any. Appellant ordered her to perform a sexual act and Ms. Brown refused. Appellant punched her several times in the face, then gagged her with a T-shirt and tied her to a chair. While appellant was assaulting Ms. Brown, his accomplices took $8 to $10 from a dresser drawer. As they prepared to leave, appellant fired one shot into Ms. Brown's face and killed her. Appellant and his accomplices fled. When police responded to the area, they found a purchase receipt in the motel room in Taylor's name. The police went to Taylor's residence, and arrested Taylor and Byrd. Later that day, the police arrested appellant and Green.

## PROCEDURAL BACKGROUND

On July 3, 1980, an information was filed in the Superior Court of Fresno County charging appellant and codefendants Byrd, Taylor, and Green, with count 1, murder of Ms. Brown (§ 187), and count 2, robbery of Ms. Brown (§ 211), with allegations that each man personally used a handgun (§ 12022.5).

**Plea**

On July 7, 1980, appellant was arraigned on the information. According to the minute order for that date, appellant also pleaded guilty to the charged offenses of second degree murder and robbery and admitted the firearm allegations. According to the minute order, Judge Caeton advised appellant of "all his constitutional rights," appellant waived "all of said rights," and the court found appellant made "a knowing and intelligent waiver" of his rights. The parties stated a factual basis for the plea, and the court referred the matter to the probation department for a report and set the sentencing hearing.

3.

**Sentencing**

On August 4, 1980, Judge Caeton held the sentencing hearing and stated he had received and reviewed the report from the probation officer.

The court found the aggravating circumstances substantially outweighed the mitigating circumstances, the offenses involved a high degree of cruelty, viciousness, and callousness because "the robbery in this case had been completed, and … that this was a separate venture on the part of the [appellant] to shoot this victim, who the Court finds was particularly vulnerable and that she was outnumbered and weapons were used," and the evidence "involve[d] some prior planning." The court also found appellant was on parole from the California Youth Authority at the time of the crimes, and he had prior juvenile petitions for petty theft, attempted robbery, burglary, and grand theft auto.

The court sentenced appellant to 15 years to life in prison for murder, with a consecutive term of two years for the firearm enhancement, and stayed the term and enhancement imposed for count 2.[4]

**Motion to vacate**

On December 27, 2019, appellant filed, in pro. per., an ex parte motion in the Superior Court of Fresno County to vacate his conviction and sentence, and asserted he was "entitle[d] to relief under the passing of [Assembly Bill No.] 1618" that added section 1016.8, because he "enter[ed] a plea bargain." (Capitalization omitted.)

### *The court's denial of the motion*

On January 21, 2020, the superior court denied the motion and noted that after he pleaded guilty in 1980, appellant "in the ensuing decades, has repeatedly sought to challenge his conviction and sentence in this Court, the Court of Appeal and in the

---

**4** On March 15, 2013, the superior court issued a corrected minute order that stated appellant was sentenced to 15 years to life for count 1, plus two years for the firearm enhancement; and the upper term of five years for count 2 with another two years for the firearm enhancement, and stayed the term and enhancement imposed for count 2.

California Supreme Court. [Appellant's] principle [*sic*] argument in the attempts he has made in this Court is that his plea agreement was to a term of only 15 years **not** 15 years to *life*. [Appellant] is mistaken, as the sentence for second-degree murder, in 1980, as now, was mandated by statute to be a term of 15 years to life. [Citation.]"

The court denied appellant's motion to vacate and found section 1016.8 did not "provide any procedure to challenge a long-final conviction or judgment. It is instead a statement of the public policy of this state regarding plea bargains. Specifically, it declares that plea bargains that require a defendant to waive the ameliorative benefits of future legislation 'that may retroactively apply' after the plea has been entered are void as against public policy. ([]1018.6, subd. (c).)"

The court found appellant did not contend he entered into any such plea, or that he had been denied the benefit of any ameliorative changes to law that were enacted after his plea, which otherwise could have been retroactively applied to his conviction or sentence.

**Notice of appeal**

On February 6, 2020, appellant filed a notice of appeal from the superior court's denial of his motion to vacate, and declared that "[f]or over 40 years Fresno Superior Court has denied [him] the laws of the courts," it had been "covering up any records or transcripts of his plea bargain," the superior court incorrectly stated that he entered his plea on July 7, 1980, when that was the day of his arraignment; and his plea bargain and sentence actually occurred on August 4, 1980. Appellant further stated his appeal would address the fact that he did not knowingly and voluntarily enter his pleas, and claimed any contrary documents presented by the superior court were "false" and "type[d] up" by the court and the clerk.[5] (Capitalization omitted.)

---

[5] On April 6, 2020, appellate counsel filed a motion with this court, and requested a finding on whether the superior court's order was appealable. On October 2, 2020, this court filed an order that found the superior court's order was appealable.

**DISCUSSION**

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.

**Appellant's supplemental briefing**

By letter on October 5, 2020, we invited appellant to submit additional briefing.

On October 15, 2020, appellant filed supplemental briefing and requested this court to "consider" the following issues: (1) the superior court failed to make a finding that his guilty pleas were knowing, intelligent, and voluntary; (2) his guilty pleas were unconstitutional because the record did not show that he knowingly and voluntarily entered the pleas; (3) certain officials with the Board of Prison Terms and Fresno County "continue" to fail to address why the "only records and transcripts" missing from his file were from his plea hearing; (4) his plea was involuntary because he was not aware that "intent to cause death" was an element of murder or knew about the sentence for second degree murder; (5) he was not advised of his constitutional rights, he did not waive those rights, and he did not plead guilty to murder or robbery or admit the firearm enhancements; (6) both his plea and sentence occurred on the same day, August 4, 1980; and (7) his statements to the court at the sentencing hearing did not appear in the record.[6]

**Analysis**

We first address the issues presented by appellant's notice of appeal, that was filed from the superior court's denial of his motion to vacate his conviction, based on the enactment of section 1016.8 by Assembly Bill No. 1618 (2019–2020 Reg. Sess.).

Effective January 1, 2020, Assembly Bill No. 1618 added section 1016.8 to the Penal Code. (Stats. 2019, ch. 586, § 1; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1149 (*Barton*).) "The statute codifies the holding of *Doe v. Harris* (2013) 57 Cal.4th 64

---

[6] On March 17, 2020, appellant moved to discharge the Attorney General from representing the People, who allegedly were "law breakers." This motion is denied.

… i.e., 'that the circumstance "the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." ' [Citation.]" (*Barton, supra,* at p. 1152.) Section 1016.8, subdivision (b) states: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."

Section 1016.8 " 'applies retroactively to all cases *not yet final on appeal.*' [Citation.]" (*Barton, supra*, 52 Cal.App.5th at p. 1153, italics added.) For purposes of determining whether an ameliorative statute applies retroactively, the " '[t]he key date is the date of final judgment. If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies.' [Citation.]" (*People v. Vieira* (2005) 35 Cal.4th 264, 305–306.) "In a criminal case, judgment is rendered when the trial court orally pronounces sentence. [Citations.]" (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) The sentence in a criminal case is the judgment. (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 625.)

As the superior court correctly found, appellant would not be subject to relief under section 1016.8 because there is no evidence that he pleaded guilty in 1980 pursuant to a plea bargain that required him to generally waive future benefits of any ameliorative legislative enhancements. More importantly, however, the judgment in this case was final long before the effective date of section 1016.8 in 2020, and he is not entitled to the retroactive application of this statute.

As for appellant's contentions raised in his supplemental brief, while the filing of a *Wende* brief obligates this court to conduct a review of the entire record to determine whether there are any arguable issues that should be raised on an appellant's behalf (*Wende, supra*, 25 Cal.3d at p. 442), appellant has raised issues from his plea hearing and

7.

sentencing that are not properly before this court in this appeal – that he allegedly entered his plea on August 4, 1980, rather than July 7, 1980, and his convictions and sentence must be reversed because of the alleged unreliability of the record. We have reviewed the entirety of the record and find no support for his contention that he entered his plea on August 4, 1980, the day of his sentencing. Indeed, the record contains a minute order of the July 7, 1980, arraignment hearing, describing the plea entered by defendant, that he was fully advised, understood, and waived his constitutional rights, and reflecting that the trial court referred the matter to the probation department for preparation of a probation officer's report. The record contains the probation officer's report, prepared on July 23, 1980, and received by the trial court on July 24, 1980. Finally, the record contains the August 4, 1980, reporter's transcript of the "RPO & JUDGMENT," in which the trial court reviewed the probation office's report and sentenced defendant. Thus, we find nothing to suggest the dates or information contained in the record are erroneous.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

Appellant's motion to discharge the Attorney General is denied.

The judgment is affirmed.